1  Chad W. Miller, Esq.
   Nevada Bar No. 7823
2  *cmiller@weidemiller.com*
   Ryan Gile, Esq.
3  Nevada Bar No. 8807
   *rgile@weidemiller.com*
4  **WEIDE & MILLER, LTD.**
   7251 W. Lake Mead Blvd., Suite 530
5  Las Vegas, NV 89128
   Tel. (702) 382-4804
6  Fax (702) 382-4805

7  Attorneys for Plaintiff
   JL Beverage Company, LLC
8

9               **UNITED STATES DISTRICT COURT**

10                     **DISTRICT OF NEVADA**

11  JL BEVERAGE COMPANY, LLC, a Nevada          ) **Case No.:  2:11-cv-00417**
    limited liability company,                  )
12                                               )
                     Plaintiff,                  )
13                                               ) **COMPLAINT**
    vs.                                          )
14                                               )
    FORTUNE BRANDS INC., a Delaware              ) **JURY DEMAND**
15  corporation; JIM BEAM BRANDS CO. a           )
    Delaware corporation; and DOES 1 through 10, )
16                                               )
                     Defendants.                 )
17                                               )
    _____ )
18

19        Plaintiff JL BEVERAGE COMPANY, LLC, a Nevada limited liability company

20  (hereinafter, "Plaintiff"), alleges against Defendant FORTUNE BRANDS INC., a Delaware

21  corporation, and Defendant JIM BEAM BRANDS CO., a Delaware corporation (together, the

22  "Defendants"), as follows:

23                     **JURISDICTION AND VENUE**

24        1.      This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions

25  arising under the Federal Trademark Act) and 28 U.S.C. 1338(a) (acts of Congress relating to

26  trademarks).   This Court has jurisdiction over claims arising under state law in accordance with

27  the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367.

28        2.      This Court has personal jurisdiction over Defendant FORTUNE BRANDS INC.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2027r2                                    1

1   because said Defendant does business and/or has engaged in the acts complained of herein in

2   this Judicial District.

3          3.      This Court has personal jurisdiction over Defendant JIM BEAM BRANDS CO.

4   because said Defendant does business and/or has engaged in the acts complained of herein in

5   this Judicial District.

6          4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and

7   1391(c).

8                                  **THE PARTIES**

9          5.      Plaintiff JL BEVERAGE COMPANY, LLC is a Nevada limited liability

10  company with its principal place of business in Henderson, Nevada.

11         6.      Upon information and belief, FORTUNE BRANDS INC. is Delaware

12  corporation having its principal place of business in Deerfield, Illinois.

13         7.      Upon information and belief, JIM BEAM BRANDS, CO. is Delaware

14  corporation having its principal place of business in Deerfield, Illinois.

15         8.      The true names and capacities of the defendants named herein as DOES 1

16  through 10 are other parties or entities who are not currently known to Plaintiff which are liable

17  to Plaintiff for the damages complained of herein.  Therefore Plaintiff sues said defendants,

18  whether individuals, corporations, or another type of entity by these fictitious names.  Plaintiff

19  will seek leave of this court to amend its complaint to include the actual names of said

20  defendants when their identities are determined during the course of this litigation.  Plaintiff

21  incorporates by reference herein all paragraphs of this complaint against said unknown

22  defendants.

23                          **ALLEGATIONS COMMON TO ALL CLAIMS**

24         9.      Since July 2004, Plaintiff has been in the business of selling high quality, bottled

25  vodka throughout the United States.

26         10.     Since July 2004, Plaintiff has used the design mark JOHNNY LOVE VODKA

27  (the "JLV Mark," identified below) in connection with and to identify its multiple flavored

28  bottled vodka as well as to distinguish its multiple flavored bottled vodka from similar alcoholic

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2027r2                                          2

1  beverages and distilled spirits offered by other companies:



8       11.    The JLV Mark is registered with the U.S. Patent and Trademark Office as

9  Registration No. 2,986,519 (registered August 16, 2005).

10      12.    Plaintiff is the owner of all right, title and interest in and to the JLV Mark, and

11  the goodwill associated therewith.

12      13.    As reflected in the following photograph, Plaintiff uses the JLV Mark on the

13  front of the bottles of its line of multiple flavored vodkas in a manner where the "Lips" design

14  element of the JLV Mark prominently stands out and varies by color depending on the vodka

15  flavor:



WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2027r2              3

14.     Plaintiff has spent considerable time, effort and money to advertise and market the JLV Mark in connection with Plaintiff's sale and distribution of its multiple flavored vodka products throughout the United States and worldwide, including in print media, numerous third party publications, and on the Internet through Plaintiff's website accessible in the United States at **www.johnnylovevodka.com**.

15.     By virtue of Plaintiff's extensive, continuous, and exclusive use of the JLV Mark in connection with its multiple flavored vodka products, Plaintiff's JLV Mark has come to be recognized and relied upon by consumers as identifying the multiple flavored vodka sold by Plaintiff and distinguishing Plaintiff's vodka products from the alcoholic beverages and distilled spirits of others.

16.     By virtue of Plaintiff's extensive, continuous, and exclusive use of the JLV Mark in connection with its vodka products, Plaintiff's JLV Mark has become distinctive and exclusively associated with Plaintiff's vodka products.

17.     By virtue of Plaintiff's extensive, continuous, and exclusive use of the JOHNNY LOVE Mark in connection with its multiple flavored vodka products, Plaintiff has developed substantial goodwill in the JLV Mark throughout the United States and as a result, the JLV Mark has come to be associated exclusively with Plaintiff and Plaintiff's vodka products.

///
///
///
///
///
///
///
///
///
///
///

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2027r2                                          4

18.     Upon information and belief, Defendants have recently begun promoting and selling a line of multiple flavored vodka products (the "Infringing Goods") under the mark PUCKER using a bottle design that includes a prominent lip design on the center of the vodka bottles (the "Infringing Mark") which varies by color depending on the vodka flavor:

## Introducing Pucker Vodka

   

Sour Apple
The vibrant taste of crisp green apples delivers a taste sensation that you won't soon forget.

Cherry Tease
Enjoy an 'anything but ordinary' cherry teased with the taste of wild berries.

**Grape Gone Wild**
Drive your taste buds wild with intensely flavorful sweet grapes.

Make your mouth w with the tantalizing and aroma of juicy, squeezed orange

 

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

19.     The Infringing Mark is nearly identical in appearance to the JLV Mark, including varying by color depending on the vodka flavor, and thus likely to be confused with Plaintiff's own goods marketed using the JLV Mark which varies by color depending on the vodka flavor.

20.     The nature of Defendants' Infringing Goods are identical to type of goods sold by Plaintiff using the JLV Mark, namely vodka and particularly multiple flavored vodkas.

21.     Defendants' Infringing Mark is likely to be perceived as the same or similar to Plaintiff's JLV Mark by consumers who are likely to believe that the source and origin of the Infringing Goods emanate from or are sponsored by or affiliated with Plaintiff.

22.     Upon information and belief, Defendants, by using the Infringing Mark to promote their multiple flavored vodka products, is attempting to trade on Plaintiff's business, reputation and goodwill in its JLV Mark.

23.     Upon information and belief, Defendants' choice of the Infringing Mark to identify the Infringing Goods was done willfully, intentionally, and deliberately with full knowledge and willful disregard of Plaintiff's well-known and prior established rights in the JLV Mark with respect to Plaintiff's vodka products.

24.     Unless enjoined by this Court, Defendants' continued use of the Infringing Mark in connection with Defendants' Infringing Goods is likely to cause consumers to be confused, mistaken, or deceived as to the affiliation, connection or association of Defendants' Infringing Goods with Plaintiff and as to the origin, sponsorship, or approval of Defendants' Infringing Goods by Plaintiff.

## FIRST CLAIM FOR RELIEF

### (Federal Trademark Infringement Under 15 U.S.C. §1114)

25.     Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

26.     This is a claim for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

27.     Defendants' Infringing Mark is a colorable imitation of Plaintiff's federally registered JLV Mark and Defendants' use of the Infringing Mark in connection with the

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2027r2                                              6

advertising and promotion of the Infringing Goods is without permission, authority or consent of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive.

28.     Defendants' use of the Infringing Mark in connection with the advertising and promotion of the Infringing Goods has been made willfully and deliberately notwithstanding Plaintiff's well-known and prior established rights in its federally registered JLV Mark and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. §1072.

29.     Upon information and belief, Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill in its federally registered JLV Mark for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a))

30.     Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

31.     This is a claim for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32.     Defendants' use of the Infringing Mark constitutes a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion and to cause mistake, and to deceive as to the affiliation, connection or association of Defendants with Plaintiff and as to the origin, sponsorship, or approval of Defendants' Infringing Goods and commercial activities by Plaintiff.

33.     Upon information and belief, Defendants' selection and use of a mark that is confusingly similar to Plaintiff's JLV Mark in connection with Defendants' Infringing Goods was done willfully, intentionally, and deliberately with full knowledge and willful disregard of Plaintiff's well-known and prior established rights in the JLV Mark.

34.     As a direct and proximate result of Defendants' false designation of origin and unfair competition, Plaintiff has suffered, and unless enjoined by this Court will continue to

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2027r2                                                7

suffer, monetary loss and irreparable injury and other damage to Plaintiff's business, reputation and goodwill in Plaintiff's JLV Mark for which Plaintiff has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF

### (Common Law Trademark Infringement and Unfair Competition)

35.     Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

36.     This is a claim for trademark infringement and unfair competition arising under the common law of the State of Nevada.

37.     By virtue of having used and continuing to use the JLV Mark in commerce, Plaintiff has acquired common law trademark rights in the JLV Mark.

38.     Defendants' intentional use of a mark identical and/or confusingly similar to the JLV Mark infringes upon Plaintiff's common law trademark rights in the JLV Mark and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendants' Infringing Goods originate from, or are affiliated with, or are endorsed by Plaintiff, when, in fact, they are not.

39.     By virtue of the acts complained of herein, Defendants have intentionally caused a likelihood of confusion among the public and have unfairly competed with Plaintiff in violation of the common law of the State of Nevada.

40.     Defendants' aforementioned acts have been fraudulent, oppressive and malicious, and have injured Plaintiff and damaged Plaintiff in an amount to be determined at trial.

41.     As a direct and proximate result of Defendants' common law trademark infringement and unfair competition, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, monetary loss and irreparable injury and other damage to Plaintiff's business, reputation and goodwill in the JLV Mark for which Plaintiff has no adequate remedy at law.

42.     As a direct and proximate result of Defendants' common law trademark infringement and unfair competition, Plaintiffs have been forced to retain counsel to prosecute

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2027r2                                    8

1   this claim and is entitled to recover its attorneys' fees and costs incurred herein.

2   **PRAYER FOR RELIEF**

3   WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

4   A.    That the Court enter judgment in favor of Plaintiff and against the Defendants on

5   all claims for relief alleged herein;

6   B.    That a preliminary and permanent injunction issue pursuant to Section 34 of the

7   Lanham Act (15 U.S.C. §1116) enjoining and restraining the Defendants and their respective

8   owners, parent companies, subsidiary companies, related companies, successors, assigns,

9   officers, directors, agents, employees and attorneys, and all persons or entities in active concert,

10  participation, or privity with any of them, from using, on or in connection with the manufacture,

11  sale, importation, exportation, purchase, order, offer for sale, distribution, transmission,

12  advertisement, display and promotion of any products or services, the JLV Mark or other marks

13  that are confusingly similar to the JLV Mark, including but not limited to the Infringing Mark;

14  C.    That Defendants be ordered immediately to recall any and all Infringing Goods

15  and any other packaging, containers, advertising or promotional material or other matter that

16  display the JLV Mark or other marks that are identical or substantially similar to the JLV Mark,

17  including but not limited to the Infringing Mark;

18  D.    That Defendants be ordered to deliver to Plaintiff for destruction any and all

19  Infringing Goods as well as any other packaging, containers, advertising or promotional

20  material or other matter bearing the Infringing Mark pursuant to 15 U.S.C. §1118;

21  E.    That Defendants be directed to file with this Court and serve on Plaintiff within

22  thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth

23  in detail the manner and form in which the Defendants have complied with the injunction

24  pursuant to 15 U.S.C. §1116;

25  F.    That Defendants be required to account to Plaintiff for any and all profits derived

26  by Defendants and all damages sustained by Plaintiff by virtue of the actions of the Defendants

27  complained of herein;

28  G.    That Defendants be ordered to pay over to Plaintiff any and all profits derived by

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2027r2                                    9

1    Defendants and all damages which Plaintiff has sustained as a consequence of the actions of the

2    Defendants complained of herein pursuant to 15 U.S.C. §1117, subject to proof at trial;

3        H.      That the damages resulting from the actions of the Defendants complained of

4    herein be trebled pursuant to 15 U.S.C. §1117 and awarded to Plaintiff;

5        I.       That an award of interest, reasonable costs, expenses and attorneys' fees be

6    awarded to Plaintiff pursuant to 15 U.S.C. §1117;

7        J.       That an award of interest, costs, and attorneys' fees incurred by Plaintiff in

8    prosecuting this action be awarded to Plaintiff; and

9        K.      That Plaintiff be awarded all other relief to which Plaintiff is entitled and such

10   other and further relief as this Court may deem just.

11

12                              **JURY TRIAL DEMANDED**

13       Plaintiff hereby demands a trial by jury on all issues raised in the Complaint which are

14   triable by a jury.

15

16       DATED this 18th day of March, 2011.

17
                                     Respectfully Submitted,
18
                                     **WEIDE & MILLER, LTD.**
19

20                                   *Ryan Gile*

21                                   Chad W. Miller, Esq.
                                     Ryan Gile, Esq.
22                                   7251 W. Lake Mead Blvd., Suite 530
                                     Las Vegas, NV  89128
23                                   Attorneys for Plaintiff
                                     JL Beverage Company, LLC
24

25

26

27

28

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-2027r2                                    10