UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JL BEVERAGE COMPANY, LLC,<br><br>                           Plaintiff,<br>    v.<br>BEAM, INC. et al.,<br>                          Defendants. | Case No. 2:11-cv-00417-MMD-CWH<br><br>ORDER<br><br>(Plf.'s Motion for<br>Partial Summary Judgment, Permanent<br>Injunction, and Motion for Summary<br>Judgment on Defendants'<br>Counterclaims – dkt. no. 71;<br>Defs.' Motion for Summary<br>Judgment – dkt. no. 77;<br>Defs.' Motions to Seal – dkt. nos. 78, 88) |

**I.   SUMMARY**

Before the Court is Plaintiff JL Beverage Company, LLC's ("JL Beverage") Motion for Partial Summary Judgment, Permanent Injunction, and for Summary Judgment on Defendants' counterclaims. (Dkt. no. 71.) Also before the Court are Defendants' Motions to Seal (dkt. nos. 78, 88) and Motion for Summary Judgment. (Dkt. no. 77.) For the reasons stated below, Plaintiff's Motion is denied and Defendants' Motions are granted.

**II.   BACKGROUND**

The facts giving rise to this action have been described at greater length in this Court's Order on Plaintiff's Motion for Preliminary Injunction. (Dkt. no. 98.) Except where stated, the following facts appear without dispute in the summary judgment record.

A.  The Parties and Their Marks

1.  Plaintiff's Marks

JL Beverage manufactures, sells, and promotes a line of flavored and unflavored vodka called "Johnny Love." Johnny Love comes in unflavored, apple, tangerine, aloha, and passion fruit flavors. The vodkas are available for sale in four sizes. Since July 2005, Plaintiff has used two design marks in connection with its sale of the "Johnny Love" brand vodka and flavored vodkas:

 

The mark on the left, called "Johnny Love Vodka" or the "JLV mark," is registered with the United States Patent and Trademark Office ("USPTO") as Registration No. 2,986,519 in International Class 033–Vodka (registered August 16, 2006). The mark on the right is called the "JL Lips Mark," and is also registered with the USPTO under Registration No. 4,044,182 in International Class 033–Distilled Spirits (registered October 25, 2011). Both images appear on the Johnny Love line of vodkas and flavored vodkas:



The lips image is colored to denote the flavor within the bottle of vodka – red for unflavored, purple for passion fruit, yellow for aloha, orange for tangerine, and green for apple.[1]  The colored lips images are not registered trademarks.

The JL Lips mark is imprinted at the top of the bottle and on the back label.  The mark on the back label is also colored to correspond to the flavor within the bottle:



JL Beverage asserts that the company has spent considerable time, effort, money, and other resources developing and promoting vodkas bearing its two marks.

### 2. Defendants' Mark

Defendants Beam, Inc. and Jim Beam Brands Co. (collectively, the "Beam Defendants") own approximately 60 lines of alcoholic beverages.  One of these products is a line of flavored vodka called "Pucker Vodka."  The Beam Defendants purchased the Pucker brand from Koninklijke De Kuyper, B.V. ("De Kuyper") in 2010.  Although Pucker is not a new product, in spring 2010 Defendant Jim Beam sought to redesign and re-brand Pucker in order to "extend the equity of the Pucker brand and lips into flavored vodka."  To that end, Jim Beam hired the outside design firm of Libby, Perszyk, Kathman, Inc. ("LPK") to create a unique look and feel for its Pucker vodka product. (Dkt. no. 42 at 3.)  The new Pucker Vodka launched in spring 2011.  The bottles contain

---

[1] The brand name "Johnny Love" appears on all bottles of vodka. The label "Johnny Love Vodka" only appears on JL Beverage's unflavored vodkas. The other vodkas are labeled with the name "Johnny Love" above the flavor name (*e.g.*, "Johnny Love Tangerine").  JL Beverage has only registered the "Johnny Love Vodka" mark and the lips mark.

a prominent lips image on the center of its label.  Like with Johnny Love Vodka's labels, the lips image varies by color depending on the vodka flavor in the bottle.



The Beam Defendants instructed LPK to use both the Pucker name and lips as part of any design it developed for Pucker's new label. (Dkt. no. 46 at ¶ 12.)  Notably, previous iterations of Pucker Vodka had used lips images in connection with its labeling and logos.[2] (*See* dkt. no. 48-1; 46 at ¶ 12.)  LPK provided Jim Beam with several possible design options and the project team at Beam made final selections of the proposed Pucker Vodka products and then sent their choices to the legal department at Jim Beam for clearance.  The legal department found 40 references to lips for alcohol-related products.  JL Beverage's JLV mark was in the search report.  However, Plaintiff's application for JL Lips mark was not in the search report because JL Beverage had not yet filed its registration application for that mark.  Beam's legal department approved a bottle shape and label for the Pucker brand.

---

[2]The Beam Defendants assert that they and their predecessor-in-interest have used registered Pucker marks and a registered lips design in connection with flavored liquors since 1996. (Dkt. no. 46-3 at ¶ 5.)  Defendants' use of lips in this manner is not within the scope of this lawsuit, and all parties agree that the Beam Defendants are the junior users here.

4

The Beam Defendants attempted to register their lips design on or around March 2011. Defendant Beam filed applications for trademarks in the bottle/cap, the stylized Pucker wording, and the lips design. Later, an official in Beam's legal department discovered that the lips mark selected by LPK to be featured in the center of Defendants' vodka label was "stock art" from iStockphoto LP. While Jim Beam was licensed to use the lips, it did not have the right to claim ownership in the lips because the image was owned by a different entity. Defendants subsequently withdrew their USPTO application for the lips design. Defendants state that this was the only reason it withdrew its application. However, JL Beverage notes that Defendants' registration application was rejected by the USPTO on June 10, 2011, and that USPTO officer cited Plaintiff's JL Lips mark as a basis to refuse registration.

Defendants launched their newly-designed Pucker Vodka products nationwide in March and April 2011. Defendants advertise their Pucker Vodka flavored vodka line of products nationally through television and cable commercials, print advertisements in national magazines, in-store and on-premise promotions at restaurants and bars, and through digital advertising. Defendants assert that they have expended considerable resources and money towards promoting and selling their Pucker Vodka line of products.

JL Beverage alleges that Defendants' Pucker mark infringes upon both of its registered trademarks and its common law trademarks in its colored labeling. JL Beverage's primary argument is that Johnny Love and Pucker are similar products with a similar key feature, lips, used in connection with their labels and marketing. JL Beverage also alleges that Defendants adopted the lips mark despite the fact that a Beam employee knew that JL Beverage uses lips trademarks in connection with its line of vodkas.

The First Amended Complaint alleges trademark infringement, false designation of origin, common law trademark infringement, and unfair competition. (Dkt. no. 30.) Defendants counterclaimed and moved to cancel registration of the JL Lips Mark. (Dkt. no. 32 at 19, 20.) The Court previously denied JL Beverage's Motion for Preliminary

1  Injunction, concluding that it was unlikely to succeed on the merits of its trademark
2  infringement and unfair competition causes of action. (Dkt. no. 98.) The Court now
3  addresses the parties' cross-motions for summary judgment.

### III. DEFENDANTS' MOTIONS TO SEAL PORTIONS OF THEIR PLEADINGS

Defendants move to seal portions of documents 77 and 86, their Motion for Summary Judgment and their Response to Plaintiff's Motion for Summary Judgment. (Dkt. nos. 78, 88.) Defendants attempt to protect specific sales and advertising figures, trade secrets, technical, business, financial, and other sensitive information by placing such information under seal.

"[A] 'compelling reasons' standard applies to most [motions to seal] judicial records." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2010) (*quoting Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (other citation omitted). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* at 678 (*quoting Kamakana*, 447 F.3d at 1178). "To limit this common law right of access, a party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure.'" *Id.* (*quoting Kamakana*, 447 F.3d at 1178-79). "Factors to consider include, but are not limited to: 'the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Golden Boy Promotions, Inc. v. Top Rank, Inc.*, No. 2:10-CV-01619, 2011 WL 686362, at *1 (D. Nev. Feb. 17, 2011) (quoting *Pintos*, 605 F.3d at 679 n. 6).

Defendants have demonstrated that compelling reasons exist to grant their Motions. They seek to seal certain portions of their Motions which regard sales figures, advertising numbers, and strategy information relating to Defendants' Pucker Vodka line of products. Were these documents made public, Defendants' business strategies and success in sales would be made public to their competitors, as would their trade secrets.

1  This could result in significant harm to Defendants' business.  *Accord Golden Boy Promotions*, 2011 WL 686362, at *2 ("Publication of those confidential business dealings could cause harm to the litigants' business and therefore constitutes a compelling reason to seal the details of the Term Sheet.")  The Motions are accordingly granted.

## IV. MOTION FOR SUMMARY JUDGMENT LEGAL STANDARD

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court.  *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).  Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate.  *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'"  *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)).  In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party.  *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact.  *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).  "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its

1  ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210
2  F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's
3  requirements, the burden shifts to the party resisting the motion to "set forth specific
4  facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The
5  nonmoving party "may not rely on denials in the pleadings but must produce specific
6  evidence, through affidavits or admissible discovery material, to show that the dispute
7  exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do
8  more than simply show that there is some metaphysical doubt as to the material facts."
9  *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The
10 mere existence of a scintilla of evidence in support of the plaintiff's position will be
11 insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (*quoting* William W. Schwarzer, et al., The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992) (citations omitted)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## V.  CROSS-MOTIONS FOR SUMMARY JUDGMENT ON PLAINTIFF'S CAUSES OF ACTION

JL Beverage moves for summary judgment on its Lanham Act causes of action, 15 U.S.C. § 1114, 1125(a), and common law trademark infringement and unfair competition causes of action. Defendants move for summary judgment on all claims contained within Plaintiff's Complaint.

In its September 25, 2012, Order denying Plaintiff's Motion for Preliminary Injunction (dkt. no. 98), the Court determined that Plaintiff was unlikely to succeed on its Lanham Act, common law trademark infringement, or unfair competition claims. Relying on the same evidence, Plaintiff now moves for summary judgment on these

claims. However, as Plaintiff is unlikely to succeed on the claims, the Court cannot grant summary judgment in its favor. Plaintiff's Motion is denied. For reasons articulated in the Order denying the Preliminary Injunction, the Court determines that no issues of material fact remain which could provide Plaintiff a basis for success on any of its claims. Defendant's Motion for Summary Judgment is accordingly granted.

### VI. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS' COUNTERCLAIMS

The sole remaining issue is whether the JL Lips Mark should be canceled. The Beam Defendants seek to cancel Plaintiff's JL Lips Mark arguing that it (1) lacks distinctiveness; and (2) is ornamental.

The core of Defendants' distinctiveness argument is that JL Lips Mark has not acquired distinctiveness because numerous companies have used and continue to use lips for alcoholic beverage products. The Court discussed this at some length in its September 25, 2012, Order, and determined that this argument was meritorious. (Dkt. no. 98 at 11.) Accordingly, the Court declines to grant summary judgment on this ground.

JL Beverage also moves for summary judgment on Defendants' claim that the lips are an aesthetic, ornamental, decorative design element that lacks distinctiveness and does not serve as a source identifier for JL Beverage. The parties' proffered "evidence of actual confusion" relates to this point – the parties presented conflicting evidence that some consumers recognized the JL Beverage lips and associated the lips with JL Beverage while others did not. (Dkt. no. 9 a 17-18.) Because of this, there is a genuine issue of material fact regarding whether the mark is merely ornamental and not a functional indicator of source. *See Lisa Frank v. Impact Int'l, Inc.*, 799 F. Supp. 980, 988 (D. Ariz. 1992).

///

///

///

### VII. CONCLUSION

IT IS THEREFORE ORDERED that JL Beverage's Motion for Partial Summary Judgment, Permanent Injunction, and Summary Judgment on Defendants' Counterclaims (dkt. no. 71) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment (dkt. no. 77) is GRANTED.

IT IS FURTHER ORDERED that Defendants' Motions to Seal (dkt. nos. 78, 88) are GRANTED.

DATED THIS 14th day of March 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE