UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JL BEVERAGE COMPANY, LLC,<br><br>    Plaintiff and Counter-Defendant,<br><br>    v.<br><br>BEAM, INC., et al.,<br><br>    Defendants and Counter-Plaintiffs. | Case No. 2:11-cv-00417-MMD-CWH<br><br>ORDER<br><br>(Plf.'s Motion for Reconsideration<br>– dkt. no. 111)<br>Plf.'s Motion to Stay Briefing on Defs.'<br>Motion to Dismiss Counterclaims Without<br>Prejudice and For Entry of Final Judgment<br>– dkt. no. 113) |

**I.    SUMMARY**

Before the Court are Plaintiff's Motion for Reconsideration (dkt. no. 111) and Plaintiff's Motion to Stay Briefing on Defendants' Motion to Dismiss its Counterclaims (dkt. no. 113). For the reasons stated below, both motions are denied.

**II.    BACKGROUND**

The facts giving rise to this action have been described at great length in this Court's Order on Plaintiff's Motion for Preliminary Injunction. (Dkt. no. 98.) There, the Court denied Plaintiff's Motion for Preliminary Injunction, holding that Plaintiff was unlikely to succeed on the merits of its case. The parties subsequently filed cross-motions for summary judgment on Plaintiff's claims. The parties presented substantially the same facts and arguments in support of and against those Motions as they did in their Preliminary Injunction briefings. The Court granted Defendants' Motion, and entered

judgment in favor of Defendants on all of Plaintiff's claims.  (Dkt. no. 107 at 9.)  Plaintiff now asks the Court to reconsider that determination.

### III.     MOTION FOR RECONSIDERATION

#### A.     Legal Standard

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000) (noting that the district court's denial of a Rule 60(b) motion is reviewed for an abuse of discretion).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)). Motions for reconsideration are not "the

proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977).

**B. Discussion**

Plaintiff argues that reconsideration is warranted for two reasons: first, in denying Plaintiff's Motion for Preliminary Injunction, the Court held that the *Sleekcraft* factors did not overwhelmingly favor either party; and second, there remain issues of fact regarding several of the *Sleekcraft* factors. The Court addresses each argument in turn.

**1. Whether the *Sleekcraft* Factors Favor Defendants**

Although the Court determined that "[t]his is not a case where the factors overwhelmingly favor either party," in their Motion for Reconsideration Plaintiff neglects to mention that the Court held that the most important factors in the *Sleekcraft* analysis here strongly favored Defendants. The Court held that:

> the relative import of each *Sleekcraft* factor is case-dependent. The very fact that this case involves similar products means that certain factors – degree of care, marketing channels, proximity of goods – almost automatically favor JL Beverage. In light of this, and given that JL Beverage's allegations center around the alleged similarity between the parties' use of 'lips' in their marks, the most important factor here is factor three, similarity of the marks. In fact, "[t]he similarity of marks 'has always been considered a critical question in the likelihood-of-confusion analysis.'" *M2 Software*, 421 F.3d at 1082. The marks at issue, both their composite parts and when viewed as a whole, are not similar.

Thus the Court held that the most important factor in this case, factor 3, clearly favored Defendants. This holding was not contradicted by the evidence presented in the parties' summary judgment briefings. No genuine issue of material fact was presented to the Court that would merit a different result from the one reached in the Court's decision denying the preliminary injunction request. As such, the Court did not commit clear error by granting summary judgment in Defendants' favor.

///

///

### 2. Whether Issues of Fact Remain

Plaintiff also contends that there are several issues of material fact remaining, warranting reconsideration of the Court's Order. However, contrary to Plaintiff's assertions, the Court did not make subjective determinations concerning the evidence. Plaintiff is correct that regarding factor 4, in its Order on Plaintiff's Motion for Preliminary Injunction, the Court stated that later evidence garnered through further discovery might strengthen Plaintiff's evidence of actual confusion. But Plaintiff did not present any such evidence in support of or opposition to the cross-motions for summary judgment. The Court noted this at page 8 of its Order. (Dkt. no. 107 at 8.)

### IV. MOTION TO STAY BRIEFING ON DEFENDANTS' MOTION TO DISMISS COUNTERCLAIMS WITHOUT PREJUDICE

Plaintiff also requests that the Court stay the briefing schedule on Defendants' Motion to Dismiss Counterclaims without Prejudice and for Entry of Final Judgment (dkt. no. 109) until deciding its Motion for Reconsideration. This Order disposes of the Motion for Reconsideration, and therefore Plaintiff's Motion is denied as moot. Plaintiff is to respond to the merits of Defendant's Motion to Dismiss within fourteen (14) days from the entry of this Order.

### V. CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration (dkt. No. 111) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay Briefing on Defendants' Motion to Dismiss Counterclaims without Prejudice and for Entry of Final Judgment (dkt. no. 113) is DENIED AS MOOT. Plaintiff's Response to Defendant's Motion to Dismiss is due within fourteen (14) days from the entry of this Order.

DATED THIS 14th day of June 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE