UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JL BEVERAGE COMPANY, LLC, | Case No. 2:11-cv-00417-MMD-CWH |
| Plaintiff and Counter-Defendant, | ORDER |
| v. | (Defs' Motion for Attorneys' Fees – dkt. no. 130; |
| BEAM, INC., et al., | Defs' Motion for Leave to File Under Seal – dkt. no. 132) |
| Defendants and Counter-Plaintiffs. | |

## I.   SUMMARY

Before the Court are Defendants' Motion for Attorneys' Fees and Related Non-Taxable Costs ("Motion") (dkt. no. 130) and Motion for Leave to File Under Seal ("Motion to Seal") (dkt. no. 132). For the reasons stated below, the Motion is denied and the Motion to Seal is granted.

## II.   BACKGROUND

The facts giving rise to this action have been described at great length in this Court's Order regarding Plaintiff's Motion for Preliminary Injunction ("Order"). (Dkt. no. 98.) Plaintiff filed its initial Complaint on March 18, 2011, and amended its Complaint on December 5, 2011.  (Dkt. nos. 1, 30.) The First Amended Complaint alleges trademark infringement, false designation of origin, common law trademark infringement, and unfair competition. (Dkt. no. 30.) Defendants counterclaimed and moved to cancel registration of Plaintiff's JL Lips Mark. (Dkt. no. 32 at 19-20.)

On February 23, 2012, about a year after initiating this case, Plaintiff moved for preliminary injunction.[1] (Dkt. no. 36.) The Court denied preliminary injunctive relief, finding that Plaintiff was unlikely to succeed on the merits of its claims. (Dkt. no. 98.) The parties' dispute centered on the second element of Plaintiff's trademark infringement claim — "that the alleged infringer is using a confusingly similar mark." *See Grocery Outlet, Inc. v. Albertson's, Inc.*, 497 F.3d 949, 951 (9th Cir. 2007). Thus, to resolve this dispute and determine whether Defendants' mark will likely cause confusion in the marketplace, the Court applied the eight factor test adopted by the Ninth Circuit in *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 & n.11 (9th Cir. 1979), *abrogated in part on other grounds by Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 810 (9th Cir. 2003). Of the eight (8) *Sleekcraft* factors, the Court found that factors 1 and 3 strongly favor Defendants, factors 2, 5 and 6 favor Plaintiff and factors 4, 7 and 8 favor neither party. (Dkt. no. 98.) The Court concluded that after balancing these factors and examining them in light of the facts of this case, factor 3 (the similarity of the parties' marks) is the most important factor. (*Id.* at 24.) The Court thus concluded that Plaintiff was unlikely to succeed on the merits of its infringement claims.

The parties subsequently filed cross-motions for summary judgment on Plaintiff's claims. (Dkt. nos. 71, 77.) The parties presented substantially the same facts and arguments in support of and against those motions as they did in their Preliminary Injunction briefings. The Court granted Defendants' motion for summary judgment, and entered judgment in favor of Defendants on all of Plaintiff's claims. (Dkt. no. 107 at 9.) The Court subsequently granted Defendants' motion to dismiss its remaining counterclaims without prejudice. (Dkt. no. 123.)

Defendants now request attorneys' fees and non-taxable costs.

///

---

[1]In its opposition to Defendants' Motion, Plaintiff contends that this delay showed diligence since it waited until after the USPTO rejected Defendants' registration application and its JL Lips Mark was successfully registered with the USPTO in October 2011. (Dkt. no. 139 at 26.)

III.    **MOTION FOR ATTORNEYS' FEES**

Defendants seek recovery of attorneys' fees under the Lanham Act on two grounds: (1) Plaintiff's case was "groundless" and "unreasonable" at inception; and (2) Plaintiff unreasonably and vexatiously multiplied proceedings in this case. Based on that second ground, Defendants also seek an award of attorneys' fees under 28 U.S.C. § 1927. The Court will address each ground in turn below.

As Defendants' acknowledged, the Lanham Act allows courts to award reasonable attorneys' fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). The Ninth Circuit has found that this requirement is satisfied when "the case is either groundless, unreasonable, vexatious, or pursued in bad faith. *Cairns v. Franklin Mint Co.,* 292 F.3d 1139, 1156 (9th Cir. 2002) (internal quotation marks and citation omitted).

Defendants contend that Plaintiff's case was groundless because Plaintiff should have known it would not be able to support its claim of likelihood of confusion. In particular, Defendants point to *Sleekcraft* factors 1, 3 and 4 and argue that (1) the parties' marks are "dramatically different;" (2) Plaintiff's marks are weak; and (3) Plaintiff failed to offer reliable evidence of actual confusion. (Dkt. no. 130 at 6.) The Court disagrees. As the Court noted in denying Plaintiff's Motion for Preliminary Injunction, "[t]his is not a case where the [*Sleekcraft*] factors overwhelmingly favor either party. (Dkt. no. 98 at 24.) The Court also found that factor 4 does not favor either party.[2] (Dkt. no. 98 at 17-19.) This case does not fall within the category of exceptional cases for which attorneys' fees should be awarded to the prevailing party.

Defendants' second ground for seeking attorneys' fees is based on the conduct of Plaintiff and Plaintiff's counsel after the case was filed. Defendants contend that imposition of attorneys' fees is appropriate under 15 U.S.C. § 1117(a), as well as under

---

[2]As the Court explained in the Order, there were a number of potential problems with the reliability and admissibility of the evidence Plaintiff offered in support of confusion. (Dkt. no. 98 at 17-19.) The Court also noted that this deficiency may be cured through evidence obtained in discovery. (*Id.*)

3

1    the Court's inherent authority pursuant to 28 U.S.C. § 1927. Section 1927 provides that

2    "[a]ny attorney . . . who so multiplies proceedings in any case unreasonably and

3    vexatiously may be required by the court to satisfy personally the excess costs,

4    expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C.

5    § 1927. The parties disagree as to whether § 1927 imposes a higher standard than §

6    1117(a) by requiring a showing of "subjective bad faith." (Dkt. no. 139 at 18-19.) The

7    Court need not resolve this disagreement as it finds that Defendants have failed to show

8    that Plaintiff's conduct in this case unreasonably multiplied proceedings.

9         To demonstrate that Plaintiff and its counsel acted unreasonably after the case

10    was filed, Defendants recount the discovery propounded by Plaintiff, Plaintiff's discovery

11    responses and position with respect to documents designated by Defendants as

12    confidential and for Attorneys' Eyes Only ("AEO"), Plaintiff's settlement positions,

13    Plaintiff's motion practice, including Plaintiff's filing of its motion for reconsideration of the

14    Court's order on the parties' motions for summary judgment, and Plaintiff's position with

15    respect to dismissal of Defendants' counterclaims. The proceedings in this case were no

16    doubt contentious, but the Court does not find that Plaintiff or its counsel's conduct to be

17    unreasonable or vexatious. While the parties had to seek court intervention to resolve

18    their discovery disputes, this is not uncommon and the Magistrate Judge did not entirely

19    rule in favor of Defendants on all issues raised and did not impose any sanctions for any

20    purported discovery abuses by Plaintiff. Discovery disputes and posturing during

21    settlement discussions are unfortunately inherent conflicts in any litigation. Plaintiff's

22    conduct, even as presented by Defendants, did not unreasonably multiply proceedings

23    in this case so as to support imposition of attorneys' fees.

24    **IV.    MOTION TO SEAL**

25         Defendants request to file under seal redacted portions of Defendants' Motion

26    and certain exhibits to protect against disclosure of attorney-client privilege and attorney

27    work-product information and information designated as confidential in this case. (Dkt.

28    ///

4

1    no. 132.) Plaintiff has not filed an opposition. Defendants' Motion to Seal is supported by

2    good cause and will be granted.

3    **V.    CONCLUSION**

4           The Court notes that the parties made several arguments and cited to several

5    cases not discussed above. The Court has reviewed these arguments and cases and

6    determines that they do not warrant discussion or reconsideration as they do not affect

7    the outcome of the pending motions.

8           It is ordered that Defendant's Motion for Attorneys' Fees and Related Non-

9    Taxable Costs (dkt. no. 130) is denied.

10          It is further ordered that Defendants' Motion for Leave to File Under Seal (dkt. no.

11   132) is granted.

12          DATED THIS 7th day of October 2014.

13

14                                                    _____
                                                      MIRANDA M. DU
15                                                    UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28