1  Michael J. McCue (NV Bar 6055) (MMccue@LRRLaw.com)
   Jonathan W. Fountain (NV Bar 10351) (JFrountain@LRRLaw.com)
2  LEWIS ROCA ROTHGERBER LLP
   3993 Howard Hughes Parkway; Suite 600
3  Las Vegas, Nevada 89169-5996
   Tel.: (702) 949 – 8200
4  Fax: (702) 949 – 8398

5  Edward T. Colbert (Admitted *Pro Hac Vice*) (eolbert@andrewskurthkenyon.com)
   William M. Merone (Admitted *Pro Hac Vice*) (wmerone@andrewskurthkenyon.com)
6  Erik C. Kane (Admitted *Pro Hac Vice*) (ekane@andrewskurthkenyon.com)
   ANDREWS KURTH KENYON LLP
7  1350 I Street, N.W.
   Washington, D.C. 20005
8  Tel.: (202) 662 – 2700
   Fax: (202) 662-2739

9
   *Counsel for Beam Inc. and Jim Beam Brands Co.*
10

11              **UNITED STATES DISTRICT COURT**

12                 **DISTRICT OF NEVADA**

13

14  JL BEVERAGE COMPANY, LLC,
    a Nevada limited liability company,

15          *Plaintiff,*

16  v.

17  BEAM INC., a Delaware corporation, and JIM
    BEAM BRANDS CO., a Delaware corporation;
18  and DOES 1 through 10                          Case No.  2:11-cv-00417-MMD-CWH

19          *Defendants.*

20                                                  **DEFENDANTS' MOTION TO FILE
                                                    UNDER SEAL PORTIONS OF**
21  JIM BEAM BRANDS CO., a Delaware                 **DEFENDANTS' RENEWED MOTION**
    corporation;                                    **FOR SUMMARY JUDGMENT AS TO**
22                                                  **THE UNAVAILABILITY OF DAMAGES**
            *Counterclaim-Plaintiff,*
23
    v.
24
    JL BEVERAGE COMPANY, LLC,
25  a Nevada limited liability company,

26          *Counterclaim-Defendant.*

27

28

Pursuant to District of Nevada Local Rule 10-5(b), Defendants Beam Inc. and Jim Beam Brands Co. (collectively, "Defendants") hereby request that the below-listed portions of their filing entitled "Defendants' Renewed Motion for Summary Judgment as to the Unavailability of Damages" as well as the below-listed portions of the supporting declarations and exhibits, which are being filed electronically under seal concurrently with this motion, be sealed by this Honorable Court pursuant to the protective order in place between the parties.  Defendants are contemporaneously filing, or have contemporaneously filed, redacted versions of each document requested to remain under seal so that there can be versions of the documents available for viewing by the general public.

Defendants respectfully request that portions of the said documents be sealed because Defendants' Renewed Motion for Summary Judgment and its supporting documentation contains information and documents that either Defendants and/or Plaintiff have designated as "CONFIDENTIAL – OUTSIDE ATTORNEY'S EYES ONLY," as contemplated by the Stipulated Protective Order entered by the Court December 6, 2011.  Under the Stipulated Protective Order, the party making the designation claims that the designated documents and information constitutes or contains proprietary or confidential trade secret, technical, business, financial, or other sensitive information about affiliates, parents, subsidiaries and third parties with whom the parties to this litigation have or have had business relationships, or other confidential or technical research, development, business, or financial information that, if disclosed to a business competitor, may tend to damage the designating party's competitive position.   As a signatory to the Stipulated Protective Order, Defendants are bound at this stage to respect Plaintiff's designation of confidentiality, especially given these motions.  (*See* Stipulated Protective Order Regarding Confidentiality, Dkt. #31, at 2-3.)

With respect to Defendants' claimed proprietary materials, the information Defendants seek to seal by way of this motion is information related to Defendants'

sales of its PUCKER liqueur and PUCKER vodka products, the amounts spent on advertising for the same, as well as exhibits that disclose Defendants' internal marketing decisions and trade secret competitive business strategies. The disclosure of these materials could result in the infringement of Defendants' trade secrets, interfere with Defendants' business opportunities, and otherwise result in irreparable injury to Defendants. Accordingly, Defendants submit that "compelling reasons" exist to maintain the following information and documents under seal. *See, e.g., Golden Boy Promotions, Inc. v. Top Rank, Inc.*, No. 2:10-cv-01619, 2011 U.S. Dist. LEXIS 23450, at *3 (D. Nev. Feb. 17, 2011) (granting motion to seal "Term Sheet" containing the details of a confidential business agreement finding it "[a] source of business information that might harm [the] litigants' competitive standing.").

Pursuant to the Stipulated Protective Order Regarding Confidentiality, Defendants specifically request that the following documents, and all references made in Defendants' Renewed Motion for Summary Judgment (a public version with redactions of such references available at Dkt. #169) or in its supporting declarations that disclose such, be sealed:

- From the Supplemental Declaration of Claudia Stangle, Dkt. #169-1:

    o Exhibit B. This exhibit contains excerpts from the Deposition of JL Beverage Pursuant to Rule 30(b)(6), and exhibits thereto, which took place in Las Vegas, Nevada on March 27, 2012. This entire deposition has been designated as Confidential – Outside Attorney's Eyes Only by Plaintiff.

    o Exhibit C. This exhibit contains excerpts from the deposition of Maria Martin designated as Confidential – Outside Attorney's Eyes Only by Jim Beam, and contains confidential information related to Jim Beam's sales of PUCKER vodka products, including its license agreements, legal clearance opinions, confidential business plans.

1      o  Exhibit D.  This exhibit contains excerpts from the deposition of Kim

2           Washington designated as Confidential – Outside Attorney's Eyes

3           Only by Jim Beam, and contains confidential information related to

4           Jim Beam's confidential market research, advertising and business

5           plans.

6      o  Exhibit D1.  This exhibit was designated CONFIDENTIAL –

7           ATTORNEY EYES ONLY by Jim Beam and contains a confidential

8           market research presentation.

9      In light of the foregoing, Defendants pray that this Honorable Court grant the

10  foregoing request and order that the above listed documents and information, along

11  with references to such exhibits and information in Defendants' Motion for

12  Summary Judgment and supporting documentation therefor, be sealed and/or

13  remain under seal during the pendency of this action.

14

15                         Respectfully submitted,

16

17

18  Dated:  November 4, 2016      By:   /s/ *Edward T. Colbert*

19

20                         Edward T. Colbert (Admitted *Pro Hac Vice*)

21  IT IS SO ORDERED.         ANDREWS KURTH KENYON LLP
                               Street, N.W.

22  DATED:  December 2, 2016       gton, DC 20005
                           02) 662 – 2700

23                        02) 662 – 2739
                          : ecolbert@andrewskurthkenyon.com

24                         *el for Defendants*
                         *unter-Plaintiff*

25  C.W. HOFFMAN, JR.

26  UNITED STATES MAGISTRATE JUDGE

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the **DEFENDANTS' MOTION TO FILE UNDER SEAL PORTIONS OF DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT AS TO THE UNAVAILABILITY OF DAMAGES** was served electronically upon the following parties by the CM/ECF system on this 4th day of November, 2016:

Chad W. Miller, Esq.
Ryan Gile, Esq.
7251 W. Lake Mead Blvd., Suite 530
Las Vegas, NV 89128
Facsimile: (702) 382-4805
Email: CMiller@weidemiller.com
RGile@weidemiller.com

and

A. Todd Merolla
Merolla & Gold, LLP
2018 Powers Ferry Road
Suite 800
Atlanta, GA 30339
Email: atm@merollagold.com

The undersigned further certifies that copies of all documents filed under seal referenced herein were served by first class mail on the attorneys listed above.

Dated: November 4, 2016        By:  /s/ *Edward T. Colbert*
                                    A partner at Andrews Kurth Kenyon LLP