UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JL BEVERAGE COMPANY, LLC, a Nevada limited liability company,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>BEAM INC., a Delaware corporation, and JM BEAM BRANDS CO., a Delaware corporation; and DOES 1 through 10,<br><br>Defendants and Counter-Plaintiffs. | Case No. 2:11-cv-00417-MMD-CWH<br><br>ORDER<br><br>(Defs.' Motion to Strike Jury Demand – ECF No. 193) |

**I.  SUMMARY**

Before the Court is Defendants Beam Inc. and Jim Beam Brands Co.'s ("Jim Beam") Motion to Strike Jury Demand ("Motion") (ECF No. 193). The Court has reviewed Plaintiff JL Beverage Company, LLC's ("JL") response (ECF No. 194) and Jim Beam's reply (ECF No. 198). For the reasons stated below, the Motion is granted.

**II.  BACKGROUND**

The facts giving rise to this action are set out in detail in the Court's previous orders and in the Ninth Circuit's opinion reversing an earlier order granting summary judgment on different grounds. (ECF Nos. 98, 107, 147.)

In brief, JL manufactures and sells vodka whose bottles feature stylized depictions of lips that JL has trademarked. Jim Beam also sells vodka whose bottles feature stylized depictions of lips. JL alleges that Jim Beam's use of the lips constitutes trademark infringement and false designation of origin under the Lanham Act as well as common law

trademark infringement and unfair competition. (*See* ECF No. 30 at 9-11; *see also* ECF No. 160 at 1-2 (clarifying what claims were revived by the Ninth Circuit's decision); ECF No. 162 at 3 (same).) The Court has previously held that JL may not seek actual damages or royalties on any of its claims. (ECF No. 185 at 10.) Consequently, the only issue potentially suitable for jury resolution is an accounting of profits under the Lanham Act.

Jim Beam moves to strike Plaintiff's jury demand on the basis that Plaintiff is not entitled to a jury trial. (ECF No. 193 at 2.)

**III.  LEGAL STANDARD**

To determine whether a party has the right to a jury trial, the Court must first ascertain whether the statutes underlying the party's claims afford the right to a jury trial. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). If the statutes do not afford the right to a jury trial, the court must consider whether the Seventh Amendment of the United States Constitution affords such a right. *Id.* The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. CONST. amend. VII. "Consistent with the textual mandate that the jury right be preserved . . . interpretation of the Amendment has been guided by historical analysis comprising two principal inquiries." *City of Monterey*, 526 U.S. at 708. First, the court must determine whether it is "dealing with a cause of action that either was tried at law at the time of the founding or is at least analogous to one that was." *Id.* (quoting *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 376 (1996)). "If the action in question belongs in the law category, [then the court] ask[s] whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791." *Id.* (quoting *Markman*, 517 U.S. at 376).

**IV.  DISCUSSION**

The statutory text of the Lanham Act does not, by itself, provide for the right to a jury trial. *See Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 410 (2015) (considering only whether the Seventh

1 Amendment affords the right to a jury trial regarding disgorgement); *see also Visible Sys.*
2 *Corp. v. Unisys Corp.*, 551 F.3d 65, 78 (1st Cir. 2008) ("[I]t seems clear that the Lanham
3 Act itself does not create a right to a jury trial whenever the remedy of an accounting of
4 defendant's profits is sought."). Neither does the Seventh Amendment afford the right to a
5 jury trial in this case. Defendants argue that a recent decision by the Ninth Circuit Court of
6 Appeals controls, *Fifty-Six Hope Rd. Music*, 778 F.3d at 1075.

This Court finds that *Fifty-Six Hope Rd. Music* controls in this case. In *Fifty-Six Hope Rd. Music*, the owners of rights to Bob Marley's image sued the producers of t-shirts and other merchandise bearing Marley's likeness for, *inter alia*, trademark infringement and false endorsement under the Lanham Act. *Id.* at 1066. The trademark owners sought remedies including disgorgement of profits, and they requested that the calculation of such profits be made by a jury. *Id.* at 1067. The court denied the trademark owners' request for calculation by a jury. *Id.* Instead, after the trademark owners prevailed on their false endorsement claim at trial, the court calculated and awarded profits itself. *Id.* The trademark owners appealed the order awarding profits, claiming that the "Seventh Amendment necessitates a jury calculation of profits to be disgorged." *Id.* at 1074. The Ninth Circuit disagreed and held that the Seventh Amendment does not afford the right to a jury calculation of profits for two reasons: disgorgement is an equitable remedy, and "the specific issue of profit determination cannot be said to be traditionally tried to a jury." *Id.* at 1075-76.

Here, in light of this court's prior ruling (ECF No. 185 at 10), the only issue potentially suitable for resolution by jury is an accounting of profits. A request for accounting and disgorgement under these circumstances does not give rise to the right to a jury trial for the reasons described in *Fifty-Six Hope Rd. Music*—disgorgement is an equitable remedy, and "the specific issue of profit determination cannot be said to be traditionally tried to a jury." 778 F.3d at 1075.

Plaintiff argues that the United States Supreme Court's decision in *Dairy Queen, Inc. v. Wood*, 369 U.S. 469 (1962), controls instead. In *Dairy Queen*, the owners of the

3

1 | Dairy Queen trademark sued a licensee for breach of contract and trademark infringement
2 | when the licensee failed to make payments under the licensing contract. *Id.* at 474-75.
3 | The trademark owners sought, *inter alia*, "an accounting to determine the exact amount of
4 | money owing by [the licensee] and a judgment for that amount." *Id.* at 475. The licensee
5 | demanded a jury trial in its answer, *id.* at 476, and the trademark owners moved to strike
6 | the demand, *id.* at 470. The trial court granted the trademark owners' motion to strike,
7 | concluding, *inter alia*, that the action was purely equitable. *Id.* The licensee sought
8 | mandamus in the Third Circuit Court of Appeals, and the Third Circuit denied the request
9 | without opinion. *Id.* The Supreme Court granted certiorari. *Id.*

The trademark owner argued that the licensee had no right to a jury trial because an accounting is a purely equitable remedy. *Id.* at 477. The Court, observing that the trademark owner's argument was "based primarily upon the fact that their complaint is cast in terms of an 'accounting,' rather than in terms of an action for 'debt or 'damages,'" noted that "the constitutional right to trial by jury cannot be made to depend upon the choice of words used in the pleadings." *Id.* at 477. The Court then looked beyond the words used in the complaint and concluded that the owner's request for "an accounting to determine the exact amount of money owing by [the licensee] and a judgment for that amount" amounted to a legal claim for damages. *See id.* at 476 ("[The licensee's] contention . . . is that insofar as the complaint requests a money judgment it presents a claim which is unquestionably legal. We agree with that contention."); *see also Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 346 (1998) ("[A]wards of actual damages and profits . . . generally are thought to constitute legal relief.") (citing *Dairy Queen*, 369 U.S. at 477); *Fifty-Six Hope Rd. Music*, 778 F.3d at 1075 ("[T]he Supreme Court characterizes the Dairy Queen claim as a legal claim for damages (not disgorgement of profits).").

*Dairy Queen* is thus readily distinguishable—it was a case about the right to a jury trial to determine legal damages, not the amount of profits to be disgorged. *Fifty-Six Hope*
///

*Rd. Music*, 778 F.3d at 1075. Here, Plaintiff can seek only a determination of the latter, the former being precluded by this Court's prior order. (ECF No. 185 at 10.)

Plaintiff further contends that another decision by the Ninth Circuit Court of Appeals—*Sid & Marty Krofft Television Prods., Inc. v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977)—controls. In *Krofft*, the owners of copyrights relating to a children's television show sued the producers of "McDonaldland" television commercials for copyright infringement. *Id.* at 1162. The copyright owners prevailed at trial, and the jury assessed damages of $50,000 against the defendants. *Id.* The copyright owners sought additional monetary relief in the form of, *inter alia*, "an order for an accounting of profits attributable to the infringements," *id.*, but the trial court concluded that the copyright owners were not entitled to any additional recovery and denied the copyright owners' motion for an accounting of profits, *id.* at 1173. The plaintiffs appealed the order. *Id.* at 1161.

The Ninth Circuit found that the "[p]laintiffs' claim for damages and an accounting of profits in this case parallels that made in Dairy Queen." *Id.* at 1175. The court then concluded that, just as in *Dairy Queen*, the copyright owners were entitled to a jury trial because the claim for an accounting amounted to a money claim for damages. *See id.* The court adopted the Fifth Circuit's reasoning in *Swofford v. B & W, Inc.* that an "accounting for profits . . . . is basically a money claim for damages." 336 F.2d 406, 411 (5th Cir. 1964), *cert. denied*, 379 U.S. 962 (1964).

*Krofft* is distinguishable on a number of grounds. First, the court's decision was predicated on a finding that the plaintiff's claim for an accounting amounted to a claim for legal damages, just as in *Dairy Queen*. *See Krofft*, 562 F.2d at 1175. Here, Plaintiff is precluded from seeking legal damages based on the Court's prior order granting summary judgment. (ECF No. 185 at 10.) Second, *Krofft* was a copyright infringement case as opposed to a trademark infringement case. This is significant because the Copyright Act entitled the plaintiff to an award of profits upon a finding of infringement in *Krofft*, *see* 17
///

U.S.C. § 101(b) (1977), whereas the Lanham Act specifies that an award of profits is "subject to the principles of equity" and is to be made by "[t]he court." 15 U.S.C. § 1117(a).

Profits may serve as a proxy for damages in some instances, *Black & Decker Corp. v. Positec USA Inc.*, 118 F. Supp. 3d 1056, 1061 (N.D. Ill. 2015) (collecting cases), but profits cannot serve such a purpose here given the Court's prior order. (ECF No. 185 at 10.) Moreover, allowing Plaintiff to use profits as a proxy for damages (and thus proceed to trial) would give Plaintiff an end-run around the Court's prior order.

In sum, the Court holds that neither the Lanham Act nor the Seventh Amendment affords Plaintiff the right to a jury trial in this case.

**V.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Jim Beam's Motion to Strike Jury Demand (ECF No. 193) is granted.

DATED THIS 7th day of November 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE