# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JL BEVERAGE COMPANY, LLC, | Case No. 2:11-cv-00417-MMD-CWH |
| Plaintiff, | |
| v. | |
| FORTUNE BRANDS., et al., | **ORDER** |
| DefendantS. | |

Presently before the Court is Defendants' motion to seal (ECF No. 210), filed on January 5, 2018. Also before the Court is Defendants' motion to seal (ECF No. 226), filed on February 23, 2018. No party has filed a response. Defendants move to seal portions of their motion in limine (ECF No. 208), and their reply to the motion in limine (ECF No. 228).

Motions to seal are generally disfavored, in deference to the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). Except for a narrow range of documents in criminal matters that have traditionally been kept secret, there is a "strong presumption in favor of access" for court records. *Id.* The party which seeks to seal a court record bears the burden of overcoming this presumption. *Id.* When determining whether a record should be sealed, the court must attempt to balance the competing interests of the public and the party seeking to seal the record. *Id.* at 1179. When attempting to balance these competing interests, the potential for embarrassment, incrimination, or exposure to further litigation do not by themselves constitute compelling reasons. *Id.* For exhibits attached to dispositive motions, a court may seal a record only upon a finding of "compelling reasons supported by specific factual findings." *Id.* This standard also applies to "most judicial records." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). In the case of motions to seal discovery materials, a lower, "good cause," standard applies. *See Kamakana*, 447 F.3d. at 1178-1179. Further, when a party attaches a sealed discovery document to a nondispositive motion, the

usual presumption of the public's right of access is rebutted." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002).

Here, Defendant moves to seal portions of its motion in limine and supporting exhibits, which were first produced as part of discovery. In support of the motion, Defendant cites the parties' stipulated protective order and the fact that Defendants have previously labeled the subject material as confidential. Defendant asserts that the material to be sealed discusses financial information, profit and loss statements, and sales data. The Court therefore finds good cause to grant the motions to seal.

IT IS THEREFORE ORDERED that Defendants' motions to seal (ECF Nos. 210 and 226) are GRANTED.

DATED: March 13, 2018

_____
C.W. Hoffman, Jr.
United States Magistrate Judge